ZELOTES RANDALL *vs.* CHARLES BRADLEY *et al.*

Androscoggin, 1875.—June 13, 1876.

*Mortgage—right to redeem—right to take an assignment of.*

The acceptance of a quitclaim deed of the grantor's right to redeem an estate under mortgage does not impose upon the grantee an obligation to pay the mortgage debt and redeem the estate; and he may afterwards become the assignee of the mortgage without thereby discharging it.

Twenty years possession under a mortgage is presumptive evidence of a foreclosure.

The right to redeem an estate under mortgage cannot be enforced in a suit at law; it can only be done in a suit in equity.

ON REPORT.

WRIT OF ENTRY, to recover about four acres of land in the city of Lewiston, a portion of a hundred acre farm described in two deeds from John Randall of March 24, 1845, the one a mortgage to Nathan Reynolds, the other, in consideration of parental regard and the canceling of mutual accounts, to his son Ezra "for his use and benefit during his lifetime and also the lifetime of his wife Mary, and after their decease the fee to be in Ezra, jr., Zelotes, and Horace, children and legal heirs of the said Ezra and Mary, and to their assigns forever . . subject to my mortgage of even date to Nathan Reynolds, to secure the payment of two notes of hand for the sum of $338 each, given by my son Ezra to said Reynolds, payable in three and six years from date and interest annually." Ezra Randall died in May, 1864, aged 68; Mary, in 1872, aged 77; Ezra, jr., in 1845, aged 22; Horace, in 1861, aged 27;

leaving in 1872, Zelotes, the plaintiff, the only living grantee in the deed, aged 44. There were eight heirs of Ezra Randall, viz.: Zelotes, Sarah, Mary, Dorcas, Margaret, Olive, John S. F., and Wm. G., who died November 12, 1868, leaving as his heir a daughter, Bertha. The others were living at the time of the trial in April, 1875.

Ezra Randall, December 4, 1846, in consideration of $323, paid by his son, J. S. F. Randall, quitclaimed to him all his right in the premises, and also all his "right of redeeming the same." The Reynolds mortgage and notes were assigned to J. S. F. Randall, August 21, 1847, and his title passed to the defendants. A certificate of entry of J. S. F. Randall to foreclose the mortgage was dated August 26, 1847, and recorded the next day. J. S. F. Randall and his grantees have occupied the premises from and since December 4, 1845, and no demand to account or offer to redeem has been made upon or to any owner or occupant of the premises. Ammi C. Read testified that he considered the farm at the time of the conveyance from Ezra to J. S. F. Randall, worth $2000.

*A. M. Pulsifer, W. W. Bolster,* and *J. R. Hosley,* for the plaintiff.

The counsel contended that the state of the title after the deeds from John Randall, was as follows: 1, a mortgage in Reynolds as security for Ezra's note; 2, a life interest in Ezra; 3, the remainder in his grandsons, Zelotes, Ezra, jr., and Horace, in joint tenancy, the grantor, John, meanwhile holding the fee in trust for his grandsons named to go to them or their survivor at the termination of the life estate; that the plaintiff had not been guilty of laches in not pursuing his remedy earlier; that his estate being one in expectancy, he could not bring his action on account of the precedent or life estate of twenty-seven years, till the year 1872, at the death of his mother Mary; and that the attempted foreclosure of the mortgage was void in this, that while the entry to foreclose it was made, August 26, 1847, the assignment of it was not recorded till a day later. *Reed* v. *Elwell,* 46 Maine, 270. *Treat* v. *Pierce,* 53 Maine, 71. They summed up with the following propositions of law and fact.

I. The equities are with the plaintiff.

II. There were no covenants in the release or quitclaim of Ezra Randall to J. S. F. Randall.

III. No title would inure to the grantee of Ezra by reason of his heirship from his son Horace.

IV. The expectant estates were so limited by John Randall's deed that in case of the death of any of the grantees during its continuance, it would not descend to their heirs.

V. The fee in expectancy was in trust during the life or precedent estate; being such, it was an estate in joint tenancy.

VI. The plaintiff, being the survivor, took the entire fee at the termination of the precedent estate.

VII. The defendants by mesne conveyances held under John Randall, the mortgagor, not under Nathan Reynolds, the mortgagee.

VIII. There was no possession during the life estate by the mortgagee or any one holding under him. The mortgage was extinguished. There can be no foreclosure where a mortgage is paid.

IX. In case the title of Ezra, jr., descended to his father, which is denied, Zelotes Randall has been and is now tenant in common with the defendants, holding three-eighths of the fee, if Ezra by his deed to J. S. F. Randall conveyed what he so inherited, if not he would hold five-twelfths in common with his brothers and sisters, not with the defendants.

X. The precedent or life estate was burdened with the duty to pay the mortgage.

XI. J. S. F. Randall, at the time he paid the mortgage debt to Reynolds, was owner of the precedent estate. Zelotes and Horace had the expectant estate, Ezra, jr., then being deceased.

XII. No expectant estate can be defeated by any act of the owner of the precedent estate.

*J. W. May*, for the defendants, argued that there was no merger in J. S. F. Randall, and that there was a valid foreclosure by him. He contended that John Randall having conveyed subject to the Reynolds mortgage the right of redemption was in all and each of his grantees; that the mortgage being a charge upon the

whole estate, each portion would have to bear its part of the burden; in such case if the owner of one part has to pay the entire mortgage, he may call upon the others for contribution; 1 Wash. on R. P., c. 16, § 8; if J. S. F. Randall had redeemed the mortgage there was a vested remainder which might intervene; before there could be a merger in J. S. F. Randall, it was necessary that the interests of the several grantees should have been conveyed to him; if his purchase of the mortgage was an extinguishment of it, he would be left without protection, whenever by the death of his parents, Ezra, jr., Zelotes and Horace should become entitled to possession; this would be unjust and inequitable, and therefore a merger did not not take place. *Gibson* v. *Crehore*, 3 Pick., 475. *Hunt* v. *Hunt*, 14 Pick., 374. *Savage* v. *Hall*, 12 Gray, 363. *N. E. Jewelry Co.* v. *Merriam*, 2 Allen, 390. *Johnson* v. *Johnson*, jr., 7 Allen, 196. 2 Wash. on R. P., 180. *Simonton* v. *Gray*, 34 Maine, 50. *Freeman* v. *Paul*, 3 Maine, 260. *Carll* v. *Butman*, 7 Maine, 102. *Thompson* v. *Chandler*, id., 377. *Hatch* v. *Kimball*, 14 Maine, 9. *Pool* v. *Hathaway*, 22 Maine, 85. *Campbell* v. *Knights*, 24 Maine, 372. *Bean* v. *Boothby*, 57 Maine, 295.

Long possession is sufficient evidence of a foreclosure to bar right of redemption. *Blethen* v. *Dwinal*, 35 Maine, 556.

But the foreclosure is immaterial in this action, as the plaintiff's remedy thereby is by bill in equity. R. S., c. 90, § 24.

*W. P. Frye, J. B. Cotton*, and *W. H. White*, for the defendants.

To the point that the plaintiff's claim was barred by limitation, the counsel cited *Roberts*, adm'r, v. *Littlefield*, 48 Maine, 61; *Chick* v. *Rollins*, 44 Maine, 104; 2 Wash. on R. P., 170.

The counsel denying the plaintiff's right to recover any portion, contended that in any event his right extended to only three-eighths of the premises, thus: Ezra, jr., Zelotes and Horace were living at the time of the conveyance and had a vested remainder; vested remainders are actual estates and pass by inheritance. Ezra, jr., having died before his father, his interest descended to his father; R. S., 1841, c. 93, § 1, spec. 2. This interest was conveyed to J. S. F. Randall. Horace died in 1861, his interest also descended to his father, and when his father died, the eight heirs

took each an eighth of it or one-twenty-fourth of the whole. The plaintiff's whole interest was therefore one-third and one-twenty-fourth, or in all three-eighths; and J. S. F. Randall's interest, one-third by purchase and one-twenty-fourth by inheritance, was precisely the same, three-eighths. The parties therefore would be tenants in common; and for this reason this action cannot be maintained.

WALTON, J. This is a writ of entry. Both parties claim title from the same grantor; the one through a mortgage, the other through a deed made subsequent to the mortgage. The question is, whether the mortgage has or has not been discharged. If it has, it lets in the plaintiff's title. If it has not, then the defendants have the better title.

The mortgage was made in 1845. In 1847, it was assigned to J. S. F. Randall. It is claimed that at the time of this assignment, J. S. F. Randall was under a legal obligation to pay the mortgage debt; that he was not therefore competent to take an assignment of the mortgage; that his attempt to do so extinguished it.

The evidence fails to satisfy us of J. S. F. Randall's obligation to pay the debt. It is true that his father was under a legal obligation to pay the mortgage debt. The notes were given by him. It is also true that before taking an assignment of the mortgage, J. S. F. Randall had taken a quitclaim deed of his father's interest in the premises, including his right to redeem the same. But we do not think the right to redeem necessarily carried with it an obligation to do so. J. S. F. Randall could therefore become the assignee of the mortgage without thereby discharging it. We think it was not discharged. The evidence fails to satisfy us of the existence of any facts which would legally have that effect. It is true that the deed to J. S. F. Randall, in terms, conveys the grantor's "right" to redeem the estate in question. But we do not think this language necessarily, or by fair implication, imposed upon the grantee an obligation to pay the mortgage debt and redeem the estate. The assignment of the mortgage to him did not therefore operate as a discharge of it. It still subsists in full force and effect; and the defendants and those through whom they claim, now are, and for more than twenty years have been, in the

undisturbed possession of the premises under and by virtue of the mortgage. Such a possession has been held to be presumptive evidence of a foreclosure. *Blethen* v. *Dwinal*, 35 Maine, 556; *Roberts* v. *Littlefield*, 48 Maine, 61.

It is unnecessary to determine whether the mortgage under which the defendants claim title has or has not been foreclosed; for if it has not, and the plaintiff still has a right to redeem the premises, it is a right which can only be enforced in equity; it cannot be enforced in a suit at law.

Our conclusion is that the defendants are rightfully in possession under a title paramount to that of the plaintiff; and their possession cannot be disturbed until the plaintiff's right to redeem, if any he has, has been established in a court of equity, and an actual redemption has been had.      *Judgment for defendants.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.